**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE THE HONRABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| Galvasid S.A. de C.V., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Court No. 25-00235 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| Steel Dynamics, Inc., United Steel, Paper and ) | |
| Forestry, Rubber, Manufacturing, Energy, Allied ) | |
| Industrial and Service Workers International ) | |
| Union, AFL-CIO, CLC, and United States Steel ) | |
| Corporation, ) | |
| ) | |
| Defendant-Intervenors. ) | |
| ) | |

**JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE**

Pursuant to U.S. Court of International Trade (the "Court" or "CIT") Rule 56.2(a)(5), counsel for Plaintiff, counsel for Defendant, and counsel for Defendant-Intervenors have consulted and submit the following Joint Status Report and Proposed Briefing Schedule in the above-captioned matter:

**I.     JOINT STATUS REPORT:**

In response to the questions set forth in Rule 56.2(a)(5)(A), the parties state the following:

**A.  Does the court have jurisdiction over the action?**

Plaintiff asserts that this appeal challenges certain aspects of the United States Department of Commerce's final results of the antidumping investigation of Certain Corrosion Resistant Steel Products from Mexico. *See* Certain Corrosion-Resistant Steel Products from Mexico: Final

Affirmative Determination of Sales at Less Than Fair Value; 90 Fed. Reg. 42187 (August 29, 2025).  This action was commenced pursuant to the special statutory rules governing appeals of determinations involving Mexico or Canada, as set forth in Sections 516A(a)(2)(A)(i), 516A(a)(2)(B)(i), 516A(g)(3)(A)(i), and 516A(g)(3)(B) of the Tariff Act of 1930 (the "Act"), as amended, 19 U.S.C. §§ 1516a(a)(2)(A), (B)(i), (g)(3)(A)(i), and (g)(3)(B), by filing a Summons and Complaint on October 28, 2025, which was 60 days after the date of publication of Commerce's final determination.

Plaintiff notes that it believes that there is some ambiguity concerning the deadline under the statute for the commencement of an appeal of a final determination in an investigation involving Mexico or Canada — in particular, whether the deadline runs from the date of publication of the final determination or the date of publication of the antidumping order.  To avoid any question, Plaintiff intends to file separate appeals under both interpretations by submitting a Summons and Complaint on January 23 (which is between 31 and 60 days after the publication of the antidumping order on Certain Corrosion-Resistant Steel Products from Mexico), in addition to the Summons and Complaint filed in this appeal.  Plaintiff believes this Court has jurisdiction over one or both of those appeals by reason of 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

At this time, Defendant has not developed a position on whether there is basis upon which to challenge the jurisdiction of the Court.

Defendant-Intervenors' view is that Plaintiff's summons and complaint were filed prior to the publication of the antidumping duty order, and therefore this action was initiated prematurely. Consistent with 19 U.S.C. § 1516a(a)(2)(A)(i)(II), (a)(2)(B)(i), the window for filing a summons in this action began with the publication of the antidumping duty order and ended thirty days

thereafter. The entirety of this window of time occurred after the USMCA-related waiting period imposed by 19 U.S.C. § 1516a(a)(5)(A) had expired. Consequently, this action is barred pursuant to 28 U.S.C. § 2636(c).

**B. Should the case be consolidated with any other case, or should any portion of the case be severed, and the reasons for such severance?**

Plaintiff asserts that, as mentioned, it intends to file a separate appeal on January 23 (which is between 31 and 60 days after the publication of the antidumping order on *Certain Corrosion-Resistant Steel Products from Mexico*), challenging the same Commerce determination that is the subject of this appeal. In Plaintiff's view, judicial efficiency would be best served by consolidating the two appeals, given that they will address the same factual record and the same final determination.

At this time, Defendant and Defendant-Intervenors do not believe that the case should be consolidated with any other case and that no portion of this case should be severed.

**C. Should further proceedings in this case be deferred pending consideration of another case before the court or any other tribunal and the reasons for such deferral?**

No. All parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**D. Should the court be aware of any other information at this time?**

Plaintiff requested a voluntary remand of this matter to Commerce and the Government has stated that it would not agree to request or consent to a request for remand at this time.

Defendant and Defendant-Intervenors do not know of any other information that the Court should be aware of at this time.

## II.   PROPOSED BRIEFING SCHEDULE:

The parties have consulted, and Plaintiff and Defendant agree on the following proposed briefing schedule:

- Plaintiff shall file its Rule 56.2 Motions for Judgment Upon the Agency Record and opening briefs on or before January 26, 2026;

- Defendant and Defendant-Intervenors shall file their respective responses on or before March 27, 2026; and

- Plaintiff shall file its reply briefs on or before April 24, 2026.

Plaintiff shall file the joint appendix contemplated under Rule 56.2(c)(3) no later than 14 days after the due date for Plaintiff's reply briefs.  In accordance with Rule 7(c), any motion for oral argument will be due within 21 days after the due date for Plaintiff's reply briefs.

A proposed Scheduling Order reflecting the above is attached.

Defendant-Intervenors' view is that the interests of judicial economy would be best served by establishing a separate briefing schedule to adjudicate outstanding jurisdictional issues before proceeding with merits briefing.  If, however, the Court prefers to establish a Rule 56.2 merits briefing schedule or to combine briefing of jurisdictional and merits issues, Defendant-Intervenors agree to the schedule described above.

*     *     *

4

Respectfully submitted,


/s/Jeffrey M. Winton
Jeffrey M. Winton
Michael J. Chapman
Amrietha Nellan
Vi N. Mai
Rachel Hauser

WINTON & CHAPMAN PLLC
1100 13th Street NW, Suite 825
Washington, DC  20005
(202) 774-5500

*Attorneys for Galvasid S.A. de C.V.*


BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

CLAUDIA BURKE
Deputy Director


/s/ Brendan D. Jordan
Brendan D. Jordan
Trial Attorney
U.S. Department of Justice
Civil Division – Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington D.C.  20530
Tel: (202) 616-0342
Brendan.D.Jordan@usdoj.gov

/s/ James E. Ransdell
James E. Ransdell
Thomas M. Beline
Margaret E. Monday

Cassidy Levy Kent (USA) LLP
2112 Pennsylvania Ave. NW
Suite 300
Washington, D.C. 20037

*Counsel for United States Steel Corporation*


/s/ Jeffrey D. Gerrish
Jeffrey David Gerrish
Alessandra A. Palazzolo
Amanda Grace Swenson
Christoher Todd Cloutier
Justin M. Neuman
Elizabeth Jackson Drake
Luke Anthony Meisner
Maliha Khan
Nicholas Joel Birch
Nicholas Phillips
Roger B. Schagrin
Saad Younus Chalchal
William A. Fennell

SCHAGRIN ASSOCIATES
900 Seventh Street, N.W., Suite 500
Washington, D.C.  20001

*Counsel to Steel Dynamics, Inc. and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC*


Dated:  January 23, 2026

6

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE THE HONRABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| Galvasid S.A. de C.V., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Court No. 25-00235 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| Steel Dynamics, Inc., United Steel, Paper and ) | |
| Forestry, Rubber, Manufacturing, Energy, Allied ) | |
| Industrial and Service Workers International ) | |
| Union, AFL-CIO, CLC, and United States Steel ) | |
| Corporation, ) | |
| ) | |
| Defendant-Intervenors. ) | |

**SCHEDULING ORDER**

Upon consideration of the consent motion of parties' joint status report and proposed briefing schedule filed pursuant to CIT Rules 16 and 56.2 in the above-captioned matter, it is hereby:

ORDERED, that Plaintiff shall file its Rule 56.2 motions and supporting briefs in the above-captioned matter on or before January 26, 2026; and it is further

ORDERED that Defendant and Defendant-Intervenors in this action shall respond to Plaintiff's Rule 56.2 motions and supporting briefs on or before March 27, 2026; and it is further

ORDERED that Plaintiff shall file its reply briefs on or before April 24, 2026; and it is further

ORDERED that Plaintiff shall file the joint appendix 14 days after the due date for reply

briefs; and it is further

ORDERED that any motion for oral argument shall be filed within 21 days after the due date for reply briefs.

SO ORDERED.

Dated: _____, 2026                    _____

New York, New York                                              Judge Jane A. Restani